1  GIBSON, DUNN & CRUTCHER LLP
   JOEL S. SANDERS, SBN 107234
2  JSanders@gibsondunn.com
   G. CHARLES NIERLICH, SBN 196611
3  GNierlich@gibsondunn.com
   MICHAEL CECCHINI, SBN 237508
4  MCecchini@gibsondunn.com
   JENNA MUSSELMAN YOTT, SBN 251901
5  JYott@gibsondunn.com
   555 Mission Street, Suite 3000
6  San Francisco, CA  94105-2933
   Telephone: (415) 393-8200
7  Facsimile: (415) 393-8306

8  Attorneys for Defendants
   MICRON TECHNOLOGY, INC. and MICRON
9  SEMICONDUCTOR PRODUCTS, INC.

10 [Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC. and MICRON SEMICONDUCTOR PRODUCTS, INC.,<br><br>Defendants. | CASE NO. 10-cv-04340 PJH<br><br>Action Filed: September 24, 2010<br><br>**STIPULATION TO CLARIFY COMPLAINT AND WITHDRAW PORTIONS OF MOTION TO DISMISS AND [~~PROPOSED~~] ORDER**<br><br>Hearing Date:    January 12, 2011<br>Hearing Time:    9:00 a.m.<br>Location:             Courtroom 3, 3rd Floor<br>Judge:                  Hon. Phyllis J. Hamilton<br><br>Trial Date:           None set |

**STIPULATION TO CLARIFY COMPLAINT**

**AND PARTIALLY WITHDRAW MOTION TO DISMISS**

WHEREAS, Plaintiff Oracle America, Inc. ("Oracle") filed a complaint (the "Complaint") in the above-captioned matter against Defendants Micron Technology, Inc. and Micron Semiconductor Products, Inc. (collectively, "Micron"). Oracle asserts that it is the successor-in-interest to Sun Microsystems, Inc. ("Sun"). The Complaint asserts claims for violation of the Sherman Act, California's Cartwright Act, and California's Unfair Competition Law based on Sun's purchases of dynamic random access memory ("DRAM").

WHEREAS, on November 5, 2010, Micron filed a Motion to Dismiss the Complaint for Failure to State a Claim, Failure to Satisfy Rule 8's Notice Pleading Requirement, and Lack of Subject Matter Jurisdiction (the "Motion to Dismiss"). The Motion to Dismiss is scheduled to be heard at 9:00 a.m. on January 12, 2011 in Courtroom 3, 3rd Floor. The Motion to Dismiss is based in part on Micron's reading of the Complaint to include claims to recover for indirect purchases of DRAM through Sun's external manufacturers under federal antitrust law and to recover for Sun's and its external manufacturers' foreign purchases of DRAM.

WHEREAS, Oracle stipulates that its Complaint asserts claims based solely on purchases of DRAM by Sun and its external manufacturers in the United States, and the Complaint does not assert any claims based on purchases of DRAM by Sun's foreign subsidiaries or external manufacturers located outside the United States or for any other DRAM purchases outside the United States;

WHEREAS, Oracle further stipulates that its Complaint seeks to recover damages for purchases of DRAM incorporated into products that Sun purchased from external manufacturers in the United States, and that Oracle seeks to recover for such purchases only as an indirect purchaser under California state law, and not under the Sherman Act;

WHEREAS, based on Oracle's stipulation that the Complaint asserts claims based solely on purchases of DRAM by Sun and its external manufacturers in the United States and does not assert any claims based on purchases of DRAM by Sun's foreign subsidiaries and external manufacturers located outside the United States, or for any DRAM initially delivered abroad , Micron partially withdraws its Motion to Dismiss.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Oracle and Micron, through their respective attorneys of record, based on the foregoing, and subject to the approval of this Court, that:

(1) Oracle is not asserting any claim for damages or other relief based on purchases of DRAM by Sun's foreign subsidiaries or external manufacturers located outside the United States, or any other purchases of DRAM initially delivered outside the United States (provided, however, that the term "initially delivered" for purposes of this paragraph and the paragraph directly above shall not include any transfers of DRAM between foreign facilities under the direct control and operation of a DRAM manufacturer or one of its agents, or both, such as a manufacturer's transfer of DRAM from its manufacturing facility outside the United States to its shipment facility outside the United States);

(2) Oracle is not asserting claims in this action under the Sherman Act for its purchases of DRAM incorporated into products that Sun purchased from external manufacturers in the United States, and Oracle seeks to recover for such purchases only as an indirect purchaser under California state law; this stipulation in paragraph (2) in no way affects Oracle's ability to bring its claims based on direct purchases of DRAM under California state law;

(3) Based on Oracle's assertion that the complaint asserts claims based solely on purchases of DRAM by Sun and its external manufacturers in the United States, that Oracle asserts no claims based on purchases of DRAM by Sun's foreign subsidiaries or external manufacturers located outside the United States, or any other purchases of DRAM initially delivered to Sun outside the United States, and that Oracle does not assert claims under the Sherman Act for its purchases of DRAM incorporated into products that Sun purchased from external manufacturers in the United States, Micron withdraws certain portions of its Motion to Dismiss, filed on November 5, 2010; specifically, Micron withdraws all arguments in its Motion except the arguments contained in Section III.B. of the

1  Motion ("Sun Lacks Antitrust Standing To Bring Claims For Indirect Purchases
2  Under State Law");
3  (4)  Arguments regarding Section III.B. of Micron's Motion to Dismiss will be heard
4  on January 12, 2011 as currently scheduled; and
5  //
6  //
7  //
8  //
9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

(5) Oracle and Micron reserve all of their rights and preserve all of their arguments with respect to the sufficiency and propriety of the Complaint, including without limitation, objections to jurisdiction, venue, and the adequacy of the pleadings.

IT IS SO STIPULATED.

DATED: 12/2/2010

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS
G. CHARLES NIERLICH
MICHAEL CECCHINI
JENNA MUSSELMAN YOTT

By: *G. Charles Nierlich*
G. Charles Nierlich

*Attorneys for Defendants Micron Technology, Inc. and Micron Semiconductor Products, Inc.*

DATED: 12/2/10

CROWELL & MORING LLP
JEROME A. MURPHY
KENT A. GARDINER
MATTHEW J. MCBURNEY
SUZANNE E. RODE

By: *Jerome A. Murphy*
Jerome A. Murphy

*Attorneys for Plaintiff Oracle America, Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 12/3/10

_____
Honorable Phyllis J. Hamilton
United States District Judge

IT IS SO ORDERED
Judge Phyllis J. Hamilton

STIPULATION TO CLARIFY COMPLAINT AND [PROPOSED] ORDER            10-cv-04340-PJH

ATTESTATION OF CONCURRENCE IN FILING

In accordance with the Northern District of California's General Order No. 45, Section X.(B), I attest that concurrence in the filing of this document has been obtained from each of the signatories who are listed above.

                                          /s/_Michael Cecchini_____
                                          Michael Cecchini