GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
G. CHARLES NIERLICH, SBN 196611
GNierlich@gibsondunn.com
MICHAEL CECCHINI, SBN 237508
MCecchini@gibsondunn.com
JENNA MUSSELMAN YOTT, SBN 251901
JYott@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA  94105-2933
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

Attorneys for Defendants
MICRON TECHNOLOGY, INC. and
MICRON SEMICONDUCTOR PRODUCTS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC. and MICRON SEMICONDUCTOR PRODUCTS, INC., <br><br> Defendants. | CASE NO. 10-cv-04340 PJH <br><br> Action Filed: September 24, 2010 <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** <br><br> Hon. Phyllis J. Hamilton <br><br> Trial Date:  None set |

1    WHEREAS, the parties may have proprietary information and documents that are not in the public domain and are confidential, the unrestricted disclosure of which may cause undue irreparable damage to the parties and their respective businesses; and

     WHEREAS, one of the purposes of this Protective Order is to protect the confidentiality of such information and documents;

     WHEREAS, the Federal Rules of Civil Procedure provide for the issuance of protective orders limiting the disclosure of certain information in appropriate circumstances; and

     WHEREAS, the parties have agreed to protect the confidentiality of such information in accordance with the following terms and conditions:

     1.    Documents that contain non-public information may be designated as "Confidential" or "Highly Confidential" in the manner described below, so long as the materials concern the producing party's trade secrets or other confidential research and development or commercial information, or information for which the producing party otherwise has compelling need for confidentiality.  This includes, without limitation: (a) documents, exhibits, answers to interrogatories, responses to requests for admissions, deposition transcriptions, and all original written, recorded, graphic or electronic matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts or summaries of such information, and the information itself; or (c) any pleading, affidavit, declaration, brief, motion, transcript, or other writing containing such information (subsections (a) to (c) are collectively referred to herein as "Litigation Materials"), all of which may be designated as "Confidential" or "Highly Confidential" under this Protective Order, as appropriate. Further, Litigation Materials previously designated "Confidential" or "Highly Confidential" pursuant to the protective order entered by the court in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, , Case No. C-02-1486 PJH (N.D. Cal.), on July 11, 2003; the protective order entered by the court in *Sun Microsystems, Inc. v. Hynix Semiconductor, Inc., et al.*, Case No. C-06-01665 PJH (N.D. Cal.), on August 21, 2006, as amended; the protective order entered by the court in *Honeywell International, Inc. v. Hynix Semiconductor, Inc., et al.*, Case No. C-06-02917 PJH (N.D. Cal.), on November 21, 2006; or any of the protective orders entered by the court in *DRAM Liquidation Trust, by its Trustee, Wells Fargo Bank, N.A. v. Hynix Semiconductor, Inc. et al.*, Case

No. C-07-01381 (N.D. Cal.), *All American Semiconductor Inc. v. Hynix Semiconductor, Inc., et al.*, Case No. C-07-01200 (N.D. Cal.), *Edge Electronics, Inc. v. Hynix Semiconductor, Inc., et al.*, Case No. C-07-01207 (N.D. Cal.), *Jaco Electronics, Inc. v. Hynix Semiconductor Inc.*, et al., Case No. C-07-01212-PJH (N.D. Cal.), and *Unisys Corporation v. Hynix Semiconductor Inc., et al.*, Case No. C-06-02915-PJH (N.D. Cal.); shall receive all the protections afforded herein to "Confidential" or "Highly Confidential" Litigation Materials, as if those materials had been marked with those designations under this Protective Order.

2.  Only non-public documents produced in discovery may be designated as "Confidential" or "Highly Confidential." Accordingly, "Confidential" or "Highly Confidential" materials shall not include any documents concerning information that at any time has been: (a) produced, disclosed, or made available to the public; or (b) disclosed in connection with any governmental public filing or securities offering and could not reasonably be assumed to be or have been intended to be kept confidential.  Documents containing trade secrets or other confidential research and development or proprietary business information, the disclosure of which to other parties might competitively disadvantage the producing party, may be designated as "Highly Confidential." Any document concerning information that has not been preserved or maintained in a manner calculated to preserve its confidentiality shall not be designated as "Confidential" or "Highly Confidential." Notwithstanding the foregoing, a producing party may designate as "Confidential" or "Highly Confidential" any documents transmitted or disclosed to any governmental entity pursuant to a written confidentiality agreement or which is protected as confidential by statute, rule or regulation.

3.  All "Highly Confidential" or "Confidential" Litigation Materials shall be used by the parties and their counsel solely for the purpose of the prosecution or defense of this litigation, Case No. 10-cv-04340-PJH, including preparing for and conducting pre-trial proceedings in this action. Litigation Materials designated as "Confidential" or "Highly Confidential" shall not be disclosed to anyone except as provided herein and the contents thereof shall not be used for any business, commercial, or competitive purpose, or used in any manner in any other case, litigation, or proceedings whether or not factually related to this action.

4. <u>Designation of Documents</u>

(a) Parties shall designate documents in good faith, and shall not indiscriminately designate documents, so that produced documents are not over-designated as "Confidential" or "Highly Confidential." Any party may object in good faith to the designation of Litigation Materials. The process for resolving disputes as set forth below presumes this good faith in the initial designations, objections, and meet and confer process.  The following process will apply to resolution of disputes hereunder: (1) any party who objects to a designation by a producing party shall state concisely the basis for those objections in a letter to the producing party that shall not exceed 5 pages; (2) the letter need only be served by fax or email on the producing party to start this process; (3) the objecting party and producing party shall have two weeks from the date the letter is faxed or emailed to meet and confer to resolve the objections or narrow the issues to be briefed; (4) any objections not so resolved shall be the subject of a regularly noticed motion filed by the objecting party, but the producing party shall have the burden to support the contested designations; (5) the motion shall comply with the Court's procedures regarding discovery disputes as explained in the December 15, 2010 Notice of Reference and Order re Discovery Procedures (Docket No. 32).

(b) In addition to the procedures described above, the following shall apply to the process:  (1) a party shall not be obligated to challenge the propriety of a confidential designation at the time that designation is made, and failure to so challenge does not preclude a subsequent challenge; (2) with the permission of the Court, either the producing or objecting party may request a short informal discovery conference to be held telephonically with the Court in order to avoid the need for any motion; (3) said conference shall be held during the ten-day meet and confer period, or the thirty-day period for bringing the motion in accordance with the convenience of the Court; (4) if the producing party does not oppose the motion, then designations which are the subject of the objections are declassified; and (5) the parties will attempt in good faith to combine as many issues under this Protective Order as possible so that these matters can be handled efficiently and effectively, and the parties further reserve the right to request, for good cause shown, additional time to file any motion.

(c) Any Litigation Materials the designation of which is subject to such dispute shall be treated as "Confidential" or "Highly Confidential" as designated by the producing party pending resolution of the dispute by this Court.

5. If any party or non-party uses Litigation Materials designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order during the course of a deposition herein, that portion of the deposition record reflecting such "Confidential" or "Highly Confidential" information shall be stamped as "Confidential" or "Highly Confidential" and access thereto shall be limited pursuant to the other terms of this Protective Order. Counsel may invoke the provisions of this Protective Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or "Highly Confidential," or by designating the deposition transcript or portions thereof as "Confidential" or "Highly Confidential" before the time expires within which the witness may sign the deposition transcript. No person shall be present during portions of the depositions designated "Confidential" or "Highly Confidential," unless such person is authorized under the terms of this Protective Order to receive Litigation Materials containing such confidential information or unless the producing party consents to such person being present. All information disclosed during a deposition shall be deemed to have been designated "Highly Confidential" until the time within which the witness may sign the transcript expires, whether or not any portion of the transcript has been so designated previously.

6. Nothing in this Order affects the right of the party or non-party that produced "Confidential" or "Highly Confidential" Litigation Materials to use or disclose such information in any way. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties, non-parties, or their attorneys to use or disclose such information in violation of the Protective Order, except that if the producing party uses such materials in a manner inconsistent with their confidential status, then that shall serve as a basis to object to the designation and said objections shall be resolved as set forth in paragraph 4 above.

7. In the event that documents or Litigation Materials are produced by another person that are actual copies of documents or other Litigation Materials that a party has produced and designated as "Confidential" or "Highly Confidential," that party may designate such materials under

this Protective Order even if they have not been so designated by the person producing them. To the extent that a person produces documents that are not actual copies of documents previously produced and designated by a party but which contain a party's "Confidential" or "Highly Confidential" information, a party may designate those documents, or portions thereof as may be appropriate, as "Confidential" or "Highly Confidential," subject to the dispute resolution process set forth in paragraph 4 above. Said designations shall be made as soon as reasonably possible, and shall contain the production number(s) of the portions of the documents designated, the nature of the designations, and if an entire document is designated, which portions of the document contain the information supporting the designation so that an objecting party may determine specifically what information is at issue.

8. Litigation Materials marked or treated as "Confidential," or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated to only the following:

(a) the Court, all Court personnel, any discovery referee, or any settlement mediator (provided that any Party seeking to file or lodge with the Court any Litigation Materials marked or treated as "Confidential" shall comply with paragraph 14 herein);

(b) court reporters and videographers who record depositions or other testimony in this action;

(c) named parties including an officer, director, or in-house counsel of a named party or its affiliated companies;

(d) other employees of a named party or its affiliated companies, but only for the specific purpose of working directly on the litigation at the request or at the direction of counsel;

(e) attorneys at the law firms representing the parties to this litigation and employees of such law firms to whom it is necessary that the Litigation Materials be shown for purposes of this litigation;

(f) pursuant to the provisions of paragraph 11, consultants and experts to whom it is necessary that the Litigation Materials be shown for the purpose of assisting counsel in this litigation;

      (g)    deposition witnesses;

      (h)    employees of copying, imaging, and computer services for the purpose of copying, imaging, or organizing documents, provided that all documents designated as "Confidential" are retrieved by the party furnishing those documents upon completion of the services;

      (i)    any other person upon the written agreement of the party or non-party who designated the Litigation Materials as "Confidential" (which agreement may be recorded in a deposition or other transcript), or pursuant to court order; and

      (j)    the author, addressees, and recipients of the documents, or any person who received or accessed the document by virtue of his/her employment.

9. Litigation Materials marked or treated as "Highly Confidential" or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated to only the following:

      (a)    the Court, all Court personnel, any discovery referee, or any settlement mediator (provided that any Party seeking to file or lodge with the Court any Litigation Materials marked or treated as "Highly Confidential" shall comply with paragraph 14 herein);

      (b)    Court reporters and videographers who record depositions or other testimony in this action;

      (c)    employees of copying, imaging, and computer services for the purpose of copying, imaging, or organizing documents provided that all documents designated as "Highly Confidential" are retrieved by the party furnishing those documents upon completion of the services;

      (d)    attorneys at the law firms representing the parties to this litigation or employees of such law firms to whom it is necessary that the Litigation Materials be shown for purposes of this litigation;

      (e)    in-house attorneys for a named party or its affiliated companies, so long as this in-house attorney has executed the Agreement attached hereto as Exhibit A;

      (f)    pursuant to the provisions of paragraph 11, consultants and experts to whom it is necessary that the Litigation Materials be shown for purposes of assisting counsel in this litigation; and

(g) the author, addressees, and recipients of the documents, or any person who received or accessed the document by virtue of his/her employment.

10. If a party in this litigation other than the producing party desires to give, show, make available, or communicate any Litigation Materials marked or treated as "Confidential" or "Highly Confidential" to any person who is not specifically authorized pursuant to the terms of this Protective Order to have access to such Litigation Materials, the party intending to disclose the materials shall notify the producing party of such intent no less than five business days before the intended disclosure. This notification shall be sufficiently specific to inform the producing party of the intended scope of the disclosure, including the name and/or job description of the person to whom such disclosure is intended. The parties will then attempt to negotiate the terms of disclosure within two business days of the notification. If no agreement can be reached during this shortened meet and confer period, then this dispute shall be the subject of a regularly noticed motion filed by the objecting party with the producing party bearing the burden to support nondisclosure, pursuant to the dispute resolution procedure in paragraph 4 above, except that any party may move on an *ex parte* or expedited basis for an order shortening time if a scheduled deposition or Court date could be delayed or cancelled. This paragraph does not apply to "Highly Confidential" documents which are used at deposition or trial in good faith for impeachment purposes only; provided, however, that the party desiring to use, pursuant to this exception, a "Highly Confidential" document for impeachment purposes at a deposition shall alert the producing party at least 48 hours in advance of its intent to use the "Highly Confidential" document under this exception, and then the requesting party and the producing party shall meet and confer in good faith to address confidentiality concerns and appropriate redactions, with any dispute being brought to the Court's attention for resolution on an expedited basis (by telephone conference or other means directed by the Court), so that the deposition is not delayed. A producing party who is notified of a request to use a "Highly Confidential" document for impeachment purposes, pursuant to this paragraph, shall not disclose the fact of that request or the document or its contents to the deposition witness, the attorney for the deposition witness, or any other party to this action.

11. <u>Expert Witnesses</u>.  If any party wishes to disclose Litigation Materials produced by any other party and designated "Confidential" or "Highly Confidential" to any expert or consultant, the expert or consultant must sign the agreement attached hereto as Exhibit A.  Nothing in this Protective Order shall require that non-testifying experts or consultants be deposed or otherwise be the subject of discovery.

12. Each person (except for the Court, Court personnel, attorneys or other employees of the law firms representing the parties to this litigation, any discovery referee, any settlement mediator, court reporters and videographers, and copying, imaging, and computer service employees) provided access to Litigation Materials marked "Confidential" or "Highly Confidential" pursuant to the terms of the Protective Order shall, before gaining such access, receive a copy of this Protective Order and, as to those persons described in paragraphs 8 and 9 shall sign an agreement in the form attached hereto as "Exhibit A" or shall agree to be bound by the terms of this Protective Order on the record at a deposition or hearing in this litigation.  A file shall be maintained by each law firm of record for a party of all written agreements signed by persons who have received such Litigation Materials from that party or persons affiliated with that party.

13. Each witness in a deposition shall be provided with a copy of this Order at the start of the examination and shall be advised on the record that he or she is bound by the terms of this Order and applicable remedies under law for violating the terms of this Order.

14. Any party seeking to file or lodge with pleadings or as evidence any Litigation Materials designated by another party or non-party as "Confidential" or "Highly Confidential" shall submit such Litigation Materials under seal in conformance with Local Rule 79-5(d).

15. "Confidential" and "Highly Confidential" Litigation Materials shall maintain such protections and designations in connection with any trial in this matter.  Before the trial begins, the parties will meet and confer in good faith as part of the pre-trial conference statement process to put into place a procedure for identification of and use of "Confidential" and "Highly Confidential" documents at trial.  Any documents that remain "Confidential" or "Highly Confidential" before trial shall maintain their status through the time of the pre-trial conference or resolution of the procedures described above.

16. The provisions of this Protective Order may be modified at any time by stipulation of the parties approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Protective Order pursuant to a motion brought in accordance with the rules of the Court. Nothing in this Stipulation and Protective Order shall constitute: (i) an agreement by any party to produce any documents or other materials in discovery not otherwise agreed upon or required by court order or the Federal Rules of Civil Procedure; (ii) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery in this or any other action; or (iii) a waiver of any claim of immunity or privilege with respect to any testimony, document or information.

17. In the event that Litigation Materials designated as "Confidential" or "Highly Confidential" are disclosed to someone not authorized under the terms of this Protective Order to receive such information, counsel of record for the party involved shall immediately give notice to counsel of record for the party who designated the Litigation Materials as "Confidential" or "Highly Confidential," and shall also describe the circumstances surrounding the unauthorized disclosure. If a party fails to treat documents designated as "Confidential" or "Highly Confidential" in the manner provided herein, the party should immediately take such steps as are necessary to have such items placed under seal and/or restored to their confidential status.

18. In the event that Litigation Materials claimed to be "Confidential" or "Highly Confidential" are inadvertently produced without the appropriate designation, such documents and copies thereof shall be returned to the producing party within five days of any written notice requesting their return in order to affix the appropriate designation or immediately stamped "Confidential" or "Highly Confidential" as requested by the producing party. The receiving party may challenge the confidential nature of the documents, but the inadvertent production of documents or the giving of testimony claimed to be "Confidential" or "Highly Confidential" shall not constitute a waiver of the confidentiality designation.

19. If, in connection with the pending litigation, a producing party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), pursuant to Rule 502(d) of the Federal Rules of Evidence,

the disclosure of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.  A party or non-party may request the return of any information that it inadvertently produced by identifying the Inadvertently Disclosed Information, stating the basis for withholding such Inadvertently Disclosed Information, and providing any other information that would be listed on a supplemental privilege log disclosing the Inadvertently Disclosed Information.  If a claim of inadvertent disclosure is made by a producing party with respect to Inadvertently Disclosed Information then in the custody of one or more parties, the receiving party shall, within three business days, return or destroy all copies of the Inadvertently Disclosed Information, shall expunge from any other document or material the information solely derived from the Inadvertently Disclosed Information, and shall provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.  After Inadvertently Disclosed Information is returned pursuant to this paragraph, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  The producing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this paragraph shall limit the right, if any, of any party to petition the Court for an in camera review of the Inadvertently Disclosed Information.

20. Within sixty days following termination of this litigation (including the final resolution of any appeals), the original and all copies — whether exact copies or compilations, digests, or non-exact copies in any form — of Litigation Materials designated as "Confidential" or "Highly Confidential" shall be returned to the party who produced such documents or may be disposed of in some other manner that is mutually agreeable among the parties.  Notwithstanding this, however, counsel of record may retain their file copies of all court filings, deposition or hearing transcripts and exhibits, and correspondence, provided that counsel of record continues to treat all "Confidential" or "Highly Confidential" Litigation Materials in the manner provided for in this Protective Order.

21. The termination of proceedings in this action shall not thereafter relieve the parties from the obligation of maintaining the confidentiality of all Litigation Materials designated as "Confidential" or "Highly Confidential" which are received pursuant to this Protective Order and are not used at trial or are used at trial under restriction designed to exclude from the public record those portions of the Litigation Materials that were designated as "Confidential" or "Highly Confidential." This provision shall not apply to any Litigation Materials that are the subject of a superseding ruling of the Court as to the scope of their disclosure. The Court shall retain jurisdiction to enforce and/or modify this Protective Order.

22. The terms of this Protective Order shall apply to discovery directed to non-parties to this Litigation, and such non-parties may specifically invoke or waive the terms and protections of this Protective Order. To the extent that any discovery is served on a non-party, the party serving the discovery shall provide the non-party with a copy of this Protective Order and specifically mention the non-party's right to invoke or waive the terms of this Protective Order.

23. The parties acknowledge that, by entering into this Stipulation, the parties do not waive any claims or defenses, including defenses regarding the service of plaintiff's complaint or jurisdiction.

DATED: January 26, 2011

                          GIBSON, DUNN & CRUTCHER LLP
                          JOEL S. SANDERS
                          G. CHARLES NIERLICH
                          MICHAEL CECCHINI
                          JENNA MUSSELMAN YOTT

                          By:_____*/s/ Joel S. Sanders*_____
                                    Joel S. Sanders

                          Attorneys for Defendants
                          MICRON TECHNOLOGY, INC. and
                          MICRON SEMICONDUCTOR PRODUCTS, INC.

```
                              CROWELL & MORING LLP
                              JEROME A. MURPHY
                              KENT A. GARDINER
                              MATTHEW MCBURNEY
                              SUZANNE E. RODE


                        By:         /s/ Jerome A. Murphy
                                    Jerome A. Murphy


                              Attorneys for Plaintiff
                              ORACLE AMERICA, INC.
```

### ECF Attestation

I, Michael Cecchini, am the ECF User whose ID and Password are being used to file this **STIPULATION AND [PROPOSED] PROTECTIVE ORDER**.

In compliance with General Order 45 X.B., I hereby attest that Joel S. Sanders and Jerome A. Murphy concurred in this filing.

Dated: January 26, 2011                                          */s/ Michael Cecchini*

**[PROPOSED] ORDER**

Based upon the stipulation of the parties and for good cause shown, the foregoing is hereby SO ORDERED:

DATED: January 28, 2011



United States District Court Judge

# EXHIBIT A

**AGREEMENT CONCERNING MATERIAL COVERED BY AN ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

The undersigned hereby acknowledges that he or she has read the attached STIPULATION AND PROTECTIVE ORDER entered in the United States District Court for the Northern District of California, in the litigation known as ORACLE AMERICA, INC. v. MICRON TECHNOLOGY, INC., ET AL, Case No. 10-cv-04340 PJH, and understands the terms thereof and agrees to be bound by such terms. The undersigned further acknowledges and understands that a violation of the Protective Order could be punishable as a contempt of court.

Dated: _____        _____

_____

[Type or Print Name]